# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 13-547
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
SUSAN CARLISLE,                          *
                                         *     Filed:  September 25, 2014
                                         *
              Petitioner,                *     Petitioners' Motion for a Decision
      v.                                 *     Dismissing the Petition; Vaccine Act
                                         *     Entitlement; Denial Without Hearing
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
              Respondent.                *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Alexis Babcock*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION DISMISSING CASE[1]

On August 6, 2013, Susan Carlisle filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered from post-vaccination inflammation in her gluteus medius and maximus and that she continues to experience pain in her left hip area today, as a result of receiving the influenza ("flu") vaccine on October 22, 2012. *See* Petition at 1 (ECF No. 1). During a status conference in this case that was held on June 25, 2014, the parties discussed the significance of fact questions pertaining to the

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

site on Petitioner's body where she received the vaccination, and whether their resolution had any bearing upon the viability of her claim. Order at 1 (ECF No. 24).

Subsequently, Petitioner filed documentation indicating that the vaccination in question had been administered in her left deltoid (rather than her left buttocks as she previously alleged). Exhibit 10 at 1 (ECF No. 26). During a status conference on September 24, 2014, Petitioner's counsel indicated that based on the newly discovered evidence regarding the site of vaccination Petitioner had determined she would request a decision dismissing the case. Order at 1 (ECF No. 30). She has now done so. Motion at 1 (ECF No. 31).

To receive compensation under the Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Ms. Carlisle suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that the alleged injury that Ms. Carlisle experienced in her gluteus or hip could have been caused by a vaccination administered in her left deltoid.

Under the Vaccine Act, a petitioner may not be given a Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Ms. Carlisle to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master